IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL ACTION NO. 1:03cr56WJG-JMR-2

CRYSTAL DAWN FRAZEE

O R D E R

This cause comes before the Court on Defendant Crystal Dawn Frazee's motion [5-1] to eliminate enhancements and reduce sentence. The Court, having fully considered this matter, finds as follows.

Frazee seeks reduction of her sentence because her constitutional due process rights were violated, allegedly due to rulings made in *Blakely v. Washington*[1]; *United States v. Fanfan*[2], and *United States v. Booker*.[3] (Ct. R., Doc. 5.) She contends that enhancements to her sentence were applied based on a judge's factual determinations that were not found by a jury or admitted by her. (*Id.*)

According to United States of America [United States], the *Booker* decision provides no basis for nullifying Frazee's guilty plea. (Ct. R., Doc. 6, p. 3.) *Booker* should not be applied retroactively to criminal cases which became final prior to the entry of the *Booker* decision, according to the United States. (*Id.*, pp. 3-4.)

---

[1] 542 U.S. 296 (2004).

[2] 125 S. Ct. 26 (2004).

[3] 125 S.Ct. 738 (2005).

Frazee faced charges in three different criminal indictments, which are related, but involve different sentences. On August 4, 2003, she pleaded guilty in this case to the two-count indictment, which charged her in both counts with bank robbery in violation of 18 U.S.C. § 2113(a). (Ct. R., Doc. 2.) Under the terms of the Memorandum of Understanding [MOU] entered in this case, Frazee entered an agreement in which the United States agreed to recommend a sentence within the lower 25% of the sentencing guideline range should Frazee agree to a plea of guilty to counts 1 and 2 of the indictment. (Ct. R., Doc. 6, Exh. B, pp. 1-2.) The MOU outlined that the penalty for a violation of 18 U.S.C. § 2113(a) is not more than 20 years imprisonment, a term of supervised release of not more than 3 years and a $250,000.00 fine. (*Id.*, p. 4.) In exchange for this agreement, Frazee waived her right to appeal the conviction or sentence imposed in the case, under any circumstances, including under 28 U.S.C. § 2255. (*Id.*, pp. 7-8.)

Frazee was sentenced to a term of 63 months in prison, to run concurrent with sentences imposed in Criminal Nos. 1:02cr110WJG-JMR and 1:03cr38WJG-JMR-1; 3 years supervised release to run concurrently with the aforementioned cases; restitution to Colonial Bank in Montgomery, Alabama, in the amount of $2,320; restitution to SouthTrust Bank in Alexander City, Alabama, in the amount of $220 and a $200 special assessment. (Ct. R., Doc. 3.) There was no upward departure imposed in the sentencing. (*Id.*)

Frazee's contentions regarding the sentencing guidelines are foreclosed under *Teague v. Lane*[4], which bars relief on collateral review to cases which became final before the new rule is announced. *See In re Elwood*, 408 F.3d 211 (5th Cir. 2005). Frazee's case became final on

---

[4] 489 U.S. 288 (1989).

August 21, 2003. (Ct. R., Doc. 3.) The Court concludes that Frazee's motion should be denied.

Even if her claims were not barred by *Teague*, the Court concludes that the claims lack merit. First, there is no evidence that the sentence imposed was above the statutory guidelines. (Ct. R., Doc. 3.) In addition, Frazee has not established that her substantial rights were affected by the sentence imposed as required under the law. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Martinez-Lugo*, 411 F.3d 597, 600-1 (5th Cir. 2005).

Frazee has not asserted any challenge to the validity of the waiver of her right to appeal. (Ct. R., Doc. 5.) The waiver provision within the MOU shall be enforced under these circumstances. *United States v. Sharpe*, 193 F.3d 852, 871 (5th Cir. 1999), *cert. denied* 528 U.S. 1173 (2000). A defendant may waive her statutory right to appeal if the waiver is knowing and voluntary. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999). Frazee did not allege that her plea was entered into under any circumstances other than knowing and voluntary. (Ct. R., Doc. 5.) Under the MOU, Frazee's appeal rights regarding her conviction and sentence were waived under all circumstances. (Ct. R., Doc. 6, Exh. B.) There are no exceptions listed within the waiver for "a sentence exceeding the statutory maximum punishment" as governed by *Booker*. In fact, Frazee's sentence in this case did not exceed the statutory maximum punishment for the crime charged. (Ct. R., Doc. 3.) The Court finds that Frazee is bound by the waiver, and further finds no reason to overturn Frazee's sentence based on her motion. *United States v. McKinney*, 406 F.3d 744, 745-7 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005). The Court concludes that Frazee's motion to eliminate enhancements and reduce sentence should be denied. It is therefore,

ORDERED that Defendant's motion to eliminate enhancements and reduce sentence [5-

1] be, and is hereby, denied.

SO ORDERED this the 29th day of November, 2005.

   /s/     *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE